UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

JERMICHAEL CARROL,

                Plaintiff,

v.                                              Case No. 24-CV-471

RANDALL HEPP,

                Defendant.

___

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

___

Plaintiff Jermichael Carroll, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Carroll was allowed to proceed on a claim pursuant to the Eighth Amendment against defendant Warden Randall Hepp for the implementation of a lockdown that severely restricted Carroll's movement. The defendant filed a motion for summary judgment on the grounds that Carroll failed to exhaust his administrative remedies before filing this lawsuit. (ECF No. 15.) Carroll filed a cross-motion for summary judgment that appears to address both the merits of his case and whether he exhausted his administrative remedies. (ECF No. 23.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 13.) The motion is fully briefed and ready for a decision.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

2

Case 2:24-cv-00471-WED   Filed 05/19/25   Page 2 of 9   Document 34

# EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process a prisoner must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code

3

§ DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about and must be limited to one issue. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate who wishes to appeal a rejected complaint to the appropriate reviewing authority must do so within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, including if it raises more than one issue. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days in which to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the Reviewing Authority. Wis. Admin. Code § DOC 310.10(12). The Reviewing Authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). An inmate who wishes to appeal the Reviewing Authority's decision to the Corrections Complaint Examiner must do so within 14 days after the date of the Reviewing Authority's decision. Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e). Appeals must also be "limited to the issue raised in the original complaint." Wis. Admin. Code § DOC 310.09(2)(g). If a prisoner does not receive a decision within 45 days after the date the ICE acknowledged receipt of the inmate complaint, he may appeal to the

Corrections Complaint Examiner. Wis. Admin. Code § DOC 310.11(3).

The Corrections Complaint Examiner then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The Corrections Complaint Examiner "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the Corrections Complaint Examiner's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the Corrections Complaint Examiner's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Carroll's Allegations and Attempts to Exhaust his Administrative Remedies*

Carroll alleges that his institution had been under lockdown for twelve months starting on March 18, 2023. (ECF No. 1 at 2.) As a result, Carroll's movement about the institution was severely restricted, and he was confined to his cell for 24 hours a day for 6 to 7 days a week. (*Id.* a 4-5.) He also states that he did not have access to medical or psychological services, and his access to recreation was limited to once per week. (*Id.*) Additionally, he was unable to clean his cell appropriately because of the movement restrictions and staff's failure to distribute cleaning supplies. (*Id.* at 3.)

It is undisputed that Carroll filed only one relevant inmate complaint—WCI-2023-8588. (ECF No. 18-2 at 8.) In the inmate complaint Carrol stated that "I'm not

5

able to clean my room like I need to because the [*sic*] don't come through with cleaning stuff." (*Id.*) The complaint was rejected as moot by the ICE because he ultimately received cleaning supplies. (*Id.* at 2.) Carroll appealed the rejection, which the Reviewing Authority reviewed and upheld. (*Id.* at 4-5.) It is undisputed that Carroll completely exhausted this inmate complaint.

*Analysis*

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Carroll argues that his inmate complaint, because it complained about his lack of cleaning supplies, sufficiently exhausted his administrative remedies for his entire claim regarding the detrimental impact of the lockdown of the institution. (ECF No. 25, ¶¶ 1-8.)

To satisfy the exhaustion requirement, a prisoner must give "a prison 'notice of, and an opportunity to correct, a problem.'" *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)). A prisoner's inmate complaint "will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Id.* (quoting *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002)). The inmate complaint does not

6

Case 2:24-cv-00471-WED    Filed 05/19/25    Page 6 of 9    Document 34

need to state "facts, articulate legal theories, or demand particular relief," and it does not need to specifically name each defendant as long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Carroll's inmate complaint did not put the institution on notice that the lockdown severely restricted Carroll's recreation time and his access to medical and mental health care, in violation of Carroll's constitutional rights. As such, the inmate complaint is not evidence that Carroll exhausted his administrative remedies as to those claims.

Carroll also generally asserts that the exhaustion process was unavailable during the lockdown. (ECF No. 24 at 3.) An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young,* 906 F.3d 530, 538 (7th Cir. 2018). However, Carroll provides no details about why he was unable to use the grievance process or how it was rendered unavailable during the lockdown. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.,* 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.,* 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo,* 909 F.3d 182, 190 (7th Cir. 2018)).

No reasonable factfinder could conclude that Carroll properly exhausted his

7

Case 2:24-cv-00471-WED    Filed 05/19/25    Page 7 of 9    Document 34

need to state "facts, articulate legal theories, or demand particular relief," and it does not need to specifically name each defendant as long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Carroll's inmate complaint did not put the institution on notice that the lockdown severely restricted Carroll's recreation time and his access to medical and mental health care, in violation of Carroll's constitutional rights. As such, the inmate complaint is not evidence that Carroll exhausted his administrative remedies as to those claims.

Carroll also generally asserts that the exhaustion process was unavailable during the lockdown. (ECF No. 24 at 3.) An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young,* 906 F.3d 530, 538 (7th Cir. 2018). However, Carroll provides no details about why he was unable to use the grievance process or how it was rendered unavailable during the lockdown. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.,* 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.,* 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo,* 909 F.3d 182, 190 (7th Cir. 2018)).

No reasonable factfinder could conclude that Carroll properly exhausted his

need to state "facts, articulate legal theories, or demand particular relief," and it does not need to specifically name each defendant as long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Carroll's inmate complaint did not put the institution on notice that the lockdown severely restricted Carroll's recreation time and his access to medical and mental health care, in violation of Carroll's constitutional rights. As such, the inmate complaint is not evidence that Carroll exhausted his administrative remedies as to those claims.

Carroll also generally asserts that the exhaustion process was unavailable during the lockdown. (ECF No. 24 at 3.) An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young,* 906 F.3d 530, 538 (7th Cir. 2018). However, Carroll provides no details about why he was unable to use the grievance process or how it was rendered unavailable during the lockdown. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.,* 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.,* 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo,* 909 F.3d 182, 190 (7th Cir. 2018)).

No reasonable factfinder could conclude that Carroll properly exhausted his

administrative remedies relating to his claim that the lockdown implemented by the defendant violated his constitutional rights. Summary judgment is granted in the defendant's favor.

## CONCLUSION

Because Carroll failed to exhaust his administrative remedies, the court grants summary judgment in the defendant's favor. The court denies Carroll's motion for summary judgment. The case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that Carroll's motion for summary judgment (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 19th day of May, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

9

Case 2:24-cv-00471-WED    Filed 05/19/25    Page 9 of 9    Document 34